IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. SMITH,

        Plaintiff,                No. 2:11-cv-3090 DAD (PC)

     v.

SACRAMENTO SHERIFF
DEPARTMENT, et al.,              <u>ORDER</u>

        Defendants.
                               /

        Plaintiff is a former county jail inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes. Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

1

seeks monetary relief against an immune defendant.  To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Plaintiff alleges that on  July 21, 2010, while he was incarcerated at the Sacramento County Jail, Deputy Sheriff Bunn told plaintiff that he had a piece of legal mail for him.  Deputy Sheriff Bunn also told plaintiff the mail had been opened by a mailroom employee.  Plaintiff claims that this alleged conduct violated state confidential mail regulations.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

1  omits to perform an act which he is legally required to do that causes the deprivation of which
2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3        Plaintiff has not claimed any violation of federal law, and an alleged violation of
4  state regulations does not provide the basis for a claim under § 1983.  For that reason, plaintiff
5  complaint will be dismissed with leave to amend.

6        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
7  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
8  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must name specific
9  defendants and must allege in specific terms how each named defendant is involved.  There can
10 be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
11 between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362
12 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
13 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in
14 civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.
15 1982).

16       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
17 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
18 complaint be complete in itself without reference to any prior pleading.  This is because, as a
19 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
20 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
21 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
22 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

23       Accordingly, IT IS HEREBY ORDERED that:

24       1. Plaintiff's November 21, 2011 application to proceed in forma pauperis (Doc.
25 No. 2) is granted.
26 /////

1    2. The complaint filed November 21, 2011 (Doc. No. 1) is dismissed with leave to
2 amend.
3    3. Plaintiff is granted thirty days from the date of this order in which to file an
4 amended complaint shall be filed that cures the defects noted in this order and complies with the
5 Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must
6 bear the case number assigned to this action and must be titled "Amended Complaint."
7    4. Failure to respond to this order in a timely manner may result in a
8 recommendation that this action be dismissed.
9 DATED: December 23, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
smith3090.ifp.ord

4